[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is a petition requesting habeas corpus relief from the allegedly incorrect calculation by the respondent of certain time credits to which the petitioner claims to be entitled. These purported miscalculations involve the following time spans and issues:
 1. Employment credit, awardable under General Statutes § 18-98a, from July 27, 1987 to November 4, 1987;
 2. Employment credit from February 20, 1990 to April 30, 1990;
 3. Jail credit for time spent in custody in South Carolina awaiting extradition to Connecticut.
 4. The application of so-called Seno credit to the petitioner's maximum term, viz, life imprisonment.
The amended petition also raised claims to additional credits, but these claims were resolved by the parties before the habeas CT Page 7058 trial.
The petitioner presently serves a twenty-five years to life sentence for murder and a consecutive one year sentence for failure to appear first degree. While free by virtue of posting an appeal bond, the petitioner absconded and was eventually captured in South Carolina on December 17, 1985. He remained in the custody of South Carolina while he contested his extradition from that state to Connecticut. Following the loss of that legal contest, the petitioner was returned to Connecticut on March 11, 1986. The respondent refuses to confer jail credit for the eighty-five days the petitioner spent in custody in South Carolina fighting extradition to Connecticut.
On July 21, 1987 under the provisions of the Interstate Corrections Compact, General Statutes §§ 18-105 through 18-107, the petitioner received a transfer to a correctional facility in Arizona. During the service of his Connecticut sentence in Arizona, the petitioner engaged in a variety of prison jobs, activities, and programs. The respondent has awarded employment credit to the petitioner for a portion of this time span. The respondent declines to confer such credit for the period from July 27, 1987, to November 4, 1987, however. The petitioner contends that he is entitled to employment credit for this time period because he was employed as a prison barber, maintenance worker, and legal assistance volunteer and was on-call seven days per week to perform these functions during this period. The respondent counters that the petitioner's prison records from Arizona fail to support this contention.
The petitioner makes a similar claim with respect to the time period from February 1990 to April 1990 arising out of the petitioner's work as a prison barber. Again, the respondent asserts that the petitioner cannot substantiate this claim.
 I
With respect to the petitioner's claim for jail credit for the time he spent in custody in South Carolina awaiting extradition to Connecticut, the court holds that this claim has been conclusively rejected by our Supreme Court in Johnson v. Manson, 196 Conn. 309,328 (1985); U.S. cert. den. 474 U.S. 1063 (1986). The court finds that no distinguishing circumstances exist in the present case which justify a deviation from the clear holding in Johnson v.Manson, supra, which denies jail credit for time spent in custody CT Page 7059 in another jurisdiction awaiting extradition to Connecticut, Taylorv. Robinson, 196 Conn. 572, 578 (1985).
 II
Similarly, with respect to the petitioner's claim regarding the application of Seno credit to his life term, this issue has been previously resolved by the Appellate Court contrary to the petitioner's position in Williams v. Bronson, 24 Conn. App. 612
(1991). Simply put, good conduct credit does not reduce a term of life imprisonment for offenses committed before July 1, 1981, Id, 619.
 III
Turning now to the petitioner's claim that he is entitled to employment credit for the period from July 27, 1987, to November 4, 1987, the court finds that the petitioner has failed to meet his burden of proving, by a preponderance of the evidence, that he is so entitled.
Credibility is for the trier-of-fact to determine. The court has carefully examined the evidence presented and finds that the petitioner's claim to this employment credit is unsupported by that evidence. For example, records from the Arizona corrections department show that the petitioner's work status was classified as "unassigned", before November 4, 1987 (Joint Exhibit 0-15). The same prison records indicate that November 4, 1987, was the commencement date of the petitioner's barber duties (Joint Exhibits 0-15 and H-8). The petitioner's volunteer work as a legal assistant to other inmates cannot be construed as "employment" under General Statutes § 18-98a, nor does it appear to the court that such assistance was rendered on a daily basis. Despite the petitioner's assertions to the contrary, the court concludes that the petitioner was not employed for seven, consecutive days during this time period within the meaning of General Statutes § 18-98a.
 IV
With respect to the petitioner's claim that he is entitled to employment credit, under General Statutes § 18-98a, from February 20, 1990, to April 30, 1990, the court agrees. The petitioner's work status records while incarcerated in Arizona demonstrate that during this time period the petitioner was assigned to work as a prison barber (see e.g. Joint Exhibit M-13 and Petitioner's Exhibit CT Page 7060 PP). The petitioner's version of his duties as a barber, including the requirement of being "on-call" seven days per week to perform such service was verified, by letter, by the Arizona prison authorities (Petitioner's Exhibit V). Although this letter refers to an earlier time span, it verifies the petitioner's version of the duties and on-call status which were expected of prison barbers within the Arizona penal system. This credit amounts to ten days. At that time Connecticut corrections officials recognized "on-call" status as satisfying the seven consecutive day per week requirement of General Statutes § 18-98a.
For the above reasons the respondent is ordered to credit the petitioner with ten additional days of employment credit, but in all other respects the petition is dismissed.
Sferrazza, J.